IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD KNECHT,

    Plaintiff,

v.                                        Civil Action No. 5:09CV36
                                                              (STAMP)
ERIE INSURANCE PROPERTY &
CASUALTY COMPANY d/b/a
ERIE INSURANCE GROUP and/or
ERIE INSURANCE COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I. Procedural History

The plaintiff, Richard Knecht ("Mr. Knecht"), commenced this civil action in the Circuit Court of Ohio County, West Virginia, asserting a first-party bad faith action against the defendant, arising out of an underlying claim for underinsured motorist ("UIM") benefits. In his complaint, the plaintiff asserts claims for common law claim misconduct ("Count II"); violation of the Unfair Claims Settlement Practice Act ("Count III"); breach of contract ("Count IV"); breach of the implied covenant of good faith and fair dealing ("Count V"); violation of fiduciary duty ("Count VI"); punitive damages ("Count VII"); and substantial prevalence ("Count VIII").[1] The defendant removed the case to federal court,

---

[1] Count I of the complaint is labeled "Preface."

and the case was assigned to the undersigned judge for further proceedings.

Currently before this Court is the defendant's motion for summary judgment. The plaintiff filed a response, but the defendant did not file a reply. For the reasons set forth below, the defendant's motion for summary judgment is granted in part and denied in part.

## II. Facts

On September 6, 2003, Mr. Knecht was involved in a motor vehicle accident with another vehicle driven by Michael Lyons ("Mr. Lyons"). At the time of that accident, Mr. Lyons was insured by State Farm under a policy of insurance that included liability limits of $100,000.00. Mr. Knecht, in turn, was insured by the defendant under a policy of insurance with UIM benefits of $300,000.00.

Shortly after the accident, the defendant received a letter of representation from Mr. Knecht's counsel, informing the defendant of the accident. The defendant, by letter dated September 30, 2003, requested information regarding Mr. Knecht's injuries, special damages, and/or wage loss in connection with the accident. Mr. Knecht's counsel responded by letter dated October 6, 2003, indicating that Mr. Knecht had incurred $1,000.00 in special damages, and $2,760.00 in wage loss. As Mr. Knecht admits, however, this letter did not include any documents in support of

these alleged damages. The defendant, therefore, again requested these documents by letter on November 10, 2003.

Ultimately, in November 2004, State Farm offered Knecht $100,000.00 to settle the liability claim against Mr. Lyons. Mr. Knecht accepted this offer. Following this settlement, Mr. Knecht's counsel authorized State Farm to produce Mr. Knecht's medical records and bills in its possession to the defendant. Upon reviewing the medical packet received from State Farm, the defendant determined that it needed additional information regarding a second surgery on Mr. Knecht's shoulder. Between November 17, 2004, and August 10, 2005, the parties corresponded with each other, albeit struggling at times, regarding Mr. Knecht's UIM claim. The defendant argues that it was not provided sufficient documentation regarding Mr. Knecht's medical records and damages during this time. The plaintiff, conversely, argues that the defendant ignored information and continuously delayed the payment of the UIM claim.

On September 1, 2005, Mr. Knecht initiated a lawsuit against the defendant regarding the UIM claim. In February of 2006, the defendant offered Mr. Knecht $50,000.00 to settle his UIM claim. Failing to receive a response, the defendant requested, by letter dated March 7, 2006, that plaintiff respond to this offer. Still not receiving a response by May 19, 2006, the defendant wrote another letter, indicating that it would appreciate a response to its offer. In June 2006, Mr. Knecht, through counsel, rejected the

defendant's offer, and made a demand for settlement in the amount of $300,000.00, the policy limit.

The parties thereafter submitted to mediation on February 25, 2008, at which the defendant offered to settle Mr. Knecht's UIM claim for $100,000.00. Mr. Knecht accepted this offer on March 4, 2008. The current civil action was subsequently filed before this Court.

### III. Applicable Law

Under Federal Rule of Civil Procedure 56(c), summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

"[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256.

4

The Court must perform a threshold inquiry to determine whether a trial is needed--whether, in other words, "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.") (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950)).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 812 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

5

IV. Discussion

In its motion for summary judgment, the defendant argues that it is entitled to judgment as a matter of law because Mr. Knecht did not "substantially prevail" on his underlying UIM claim. Specifically, because Mr. Knecht's initial demand was for $300,000.00, and that matter was then settled for $100,000.00, the defendant argues that Mr. Knecht did not "substantially prevail" on his claim. Summary judgment, therefore, is appropriate, the defendant argues.

In response, the plaintiff argues that genuine issues of material fact exist concerning his claim for substantial prevalence. Furthermore, the plaintiff contends that a first-party claimant is not required to substantially prevail in order to recover against the defendant on his other claims, essentially Counts II through VII.

After a thorough review of the record, this Court holds that partial summary judgment as to Count VIII of the plaintiff's complaint, substantial prevalence, is appropriate. Under West Virginia law, "[w]henever a policyholder substantially prevails in a property damage suit against its insurer, the insurer is liable for: (1) the insured's reasonably attorneys' fees in vindicated its claim; and (2) the insured's damages for net economic loss caused by the delay in settlement, and damages for aggravation and inconvenience." Syl. Pt. 1, Hayseeds, Inc. v. State Farm Fire & Cas., 252 S.E.2d 73 (W. Va. 1986) (emphasis added). Indeed,

6

> [a]n insured "substantially prevails" in a property damage action against his or her insurer when the action is settled for an amount equal to or approximating the amount claimed by the insured immediately prior to the commencement of the action, as well as when the action is concluded by a jury verdict for such an amount.

Syl. Pt. 1, Jordan v. Nat'l Grange Mut. Ins. Co., 393 S.E.2d 647 (W. Va. 1990) (in part). To determine whether a policyholder has substantially prevailed, a court must look "at the totality of the policyholder's negotiations with the insurance carrier, not merely the status of negotiations before and after a lawsuit is filed." Miller v. Fluharty, 500 S.E.2d 310, 321 (W. Va. 1997).

This Court believes, that despite countless correspondence between the parties prior to the institution of the underlying lawsuit, Mr. Knecht's first demand on his UIM claim was $300,000.00, made in June 2006. The parties agree that the defendant's first offer was $50,000.00. At the mediation, however, the parties settled the claim for $100,000.00. Because Mr. Knecht's claim was settled for only one-third of the demand, his case was not "settled for an amount equal to or approximating the amount claimed by the insured immediately prior to the commencement of the action." Jordan, Syl. Pt. 1, 393 S.E.2d at 647. See e.g. Jones v. Sanger, 618 S.E.2d 573 (W. Va. 2005) (holding that plaintiff did not substantially prevail because the parties settled for $76,500.00 after a $250,000.00 first demand); Bryan v. Westfield Ins. Co., 534 S.E.2d 20 (W. Va. 2000) (finding that plaintiffs did not substantially prevail when they settled for $132,500.00 after demanding $200,000.00) (per curiam).

7

Accordingly, Mr. Knecht did not substantially prevail in the settlement of his claim, and the defendant's motion for summary judgment on Count VIII, substantial prevalence, must be granted.

Nevertheless, this Court denies the defendant's motion for summary judgment as to the remaining counts of the complaint. The West Virginia Supreme Court of Appeals has held that a plaintiff is not required to substantially prevail to recover on a first-party statutory claim for violation of the West Virginia Unfair Settlement Practices Act,[2] also known as a Jenkins-claim. See Jenkins v. J.C. Penney Cas. Ins. Co., 280 S.E.2d 252 (W. Va. 1981). Furthermore, this Court can find no authority which suggests that a plaintiff must substantially prevail before filing claims for common law misconduct, breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of fiduciary duty. The defendant's summary judgment as to the remaining counts, therefore, is denied.

---

[2]See e.g. McCormick v. Allstate Ins. Co., 475 S.E.2d 507, 519 (W. Va. 1996) ("[A]n action under [Jenkins], and its progeny, is a type of action which is wholly distinct from an underlying contractual action on an insurer's failure to comply with its insurance contract. Such an action is also wholly distinct from a Hayseeds action. Further, the conditions and predicate for bringing a Jenkins-type case are wholly different from those necessary for brining an underlying contract action or for bringing a Hayseeds action. Whereas under Hayseeds, it is necessary that a policyholder substantially prevail on an underlying contract action before he may recover enhanced damage, under Jenkins there is no requirement that one substantially prevail; it is required that liability and damages be settled previously or in the course of the Jenkins litigation."

V. <u>Conclusion</u>

For the reasons set forth above, the defendant's motion for summary judgment is GRANTED IN PART and DENIED IN PART. The defendant's motion for summary judgment is GRANTED as to Count VIII. The defendant's motion for summary judgment is hereby DENIED as to the remaining counts of the plaintiff's complaint.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:    June 15, 2010

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE