IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD KNECHT,

    Plaintiff,

v.                                                 Civil Action No. 5:09CV36
                                                                        (STAMP)
ERIE INSURANCE PROPERTY &
CASUALTY COMPANY d/b/a
ERIE INSURANCE GROUP and/or
ERIE INSURANCE COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER
CONFIRMING PRONOUNCED TENTATIVE RULING BY THE COURT
AND ORDER OF THE COURT
DENYING PLAINTIFF'S MOTION TO ENLARGE DISCOVERY
AND CONTINUE TRIAL AND
DENYING PLAINTIFF'S MOTION TO ENLARGE DISCOVERY,
CONTINUE TRIAL DATE, SANCTION ERIE, AND REQUEST
FOR ORDER TO SHOW CAUSE AND SUPPLEMENTAL
DISCLOSURE BASED UPON ADDITIONALLY PRODUCED MATERIALS**

I.  Background

The plaintiff, Richard Knecht ("Mr. Knecht"), commenced this civil action asserting a first-party bad faith action against the defendant arising out of an underlying claim for underinsured motorist ("UIM") benefits. Discovery in this civil action commenced on May 15, 2009, with the entry of a scheduling order outlining the discovery process. Since the entry of that order, and shortly before the scheduled trial in this case, several discovery disputes have arisen between the parties.

On June 11, 2010, the plaintiff filed a motion to enlarge discovery and continue trial arguing that it needed additional time to conduct discovery on the defendant's untimely disclosure of its

defense of advice of counsel. The defendant did not file a response. On June 14, 2010,[1] this Court held a pretrial conference in this matter, at which time the above motion was discussed in detail. Following which this Court tentatively indicated it would probably deny the plaintiff's motion to enlarge discovery and continue trial.

Thereafter, on June 21, 2010, the plaintiff filed a motion to compel, enlarge discovery, continue trial date, sanction Erie, and request for order to show cause and supplemental disclosure based upon additionally produced materials. No response was filed. The pretrial conference was resumed on June 22, 2010, at which this second motion was discussed in detail. Ultimately, this Court determined that an evidentiary hearing was necessary to determine several issues raised in the motion to compel, including whether a the defendant utilized the Collossus computer program in the evaluation of the plaintiff's claim; whether the defendant produced all relevant claims manuals, memoranda, memos, and guidelines in use in the evaluation of the plaintiff's claim; and whether the plaintiff could compel the defendant to turn over Thomas E. Buck, Esq.'s litigation file in the underlying claim.

Accordingly, an evidentiary hearing and argument was held before United States Magistrate Judge James E. Seibert on June 23, 2010. Magistrate Judge Seibert issued an order on that same date denying the plaintiff's motion to compel, and determining that

---

[1]The pretrial conference was then continued on June 22, 2010.

there was no factual basis for the plaintiff's claims that they were entitled to additional discovery materials. The plaintiff did not file objections to the order of the magistrate judge.

This memorandum opinion and order confirms the tentative ruling of the Court and denies the plaintiff's June 11, 2010 motion to enlarge discovery and continue trial. Furthermore, for the reasons set forth below, the plaintiff's June 21, 2010 motion to enlarge discovery and continue trial date is also denied.

## II. Discussion

### A. Plaintiff's June 11, 2010 Motion to Enlarge Discovery and Continue Trial

The plaintiff's motion requests that this Court enlarge discovery and continue trial for the following reasons: (1) additional discovery and a continuance of the scheduled trial dates is necessary because the defendant untimely disclosed its advice of counsel defense; (2) additional discovery is necessary to clarify discrepancies in the defendant's production of documents in light of its defense of advice of counsel and refusal to produce additional attorney litigation materials to the plaintiff; and (3) the defendant's agreement to produce relevant claims materials withheld as proprietary, confidential and/or a trade secret pursuant to a confidentiality agreement creates the need for a continuance.

The United States Court of Appeals for the Fourth Circuit has held that a district court has broad discretion in denying or

granting a motion for a continuance. United States v. Speed, 53 F.3d 643, 644 (4th Cir. 1995). Indeed, "the burdensome task of assembling a trial counsels against continuances, and, therefore, the trial courts must be granted broad discretion." United States v. LaRouche, 896 F.2d 815, 823 (4th Cir. 1990).

This Court finds that for the reasons discussed at the June 11, 2010 pretrial conference, the plaintiff's motion to enlarge discovery and continue trial is denied.

B. Plaintiff's June 21, 2010 Motion to Continue Trial Date

After conducting a lengthy evidentiary hearing, the magistrate judge determined that there was no factual basis for the motion to compel related to the Colossus computer program, as well as the manuals, memoranda, memo guidelines in use in the evaluation of the claim. Specifically, the evidence adduced at the evidentiary hearing was that the defendant did not use the Colossus computer program to evaluate the plaintiff's claim, and that all relevant claims manuals, memoranda, memos, and guidelines in use in the evaluation of the plaintiff's claim have already been produced to the plaintiff. Furthermore, the magistrate judge determined that the plaintiff's motion to compel concerning the Thomas E. Buck, Esq. litigation file was untimely because plaintiff did not file a motion to compel this file within the applicable time limitations prescribed by the Federal Rules of Civil Procedure.

In light of the magistrate judge's June 23, 2010 order denying the plaintiff's motion to compel, and because the plaintiff has all

4

discovery necessary to proceed to trial, this Court denies the plaintiff's June 21, 2010 motion to enlarge discovery and continue trial date, sanction Erie, and request for order to show cause and supplemental disclosure based upon additionally produced materials.

### III. Conclusion

For the above-stated reasons, the plaintiff's June 11, 2010 motion to continue trial is DENIED and the plaintiff's June 21, 2010 motion to enlarge discovery, continue trial date, sanction Erie, and request for order to show cause and supplemental disclosure based upon additionally produced materials is DENIED.

Jury selection and trial in the above civil action will commence on Monday, June 28, 2010 at 8:30 a.m.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:   June 25, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE