IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD KNECHT,

    Plaintiff,

v.                                     Civil Action No. 5:09CV36
                                                  (STAMP)
ERIE INSURANCE PROPERTY &
CASUALTY COMPANY d/b/a
ERIE INSURANCE GROUP and/or
ERIE INSURANCE COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**CONFIRMING PRONOUNCED ORDER OF THE COURT**
**REGARDING RULINGS ON MOTIONS IN LIMINE**

I.   Facts and Procedural History

The plaintiff, Richard Knecht ("Mr. Knecht"), commenced this civil action asserting a first-party bad faith action against the defendant arising out of an underlying claim for underinsured motorist ("UIM") benefits. In his complaint, the plaintiff asserts claims for common law claim misconduct; violation of the Unfair Claims Settlement Practice Act; breach of contract; breach of the implied covenant of good faith and fair dealing; violation of fiduciary duty; punitive damages; and substantial prevalence.

During the days leading up to trial, the parties filed a number of motions in limine. This Court heard argument on the following motions during the pretrial conference held on June 14, 2010 and the supplemental pretrial conference on June 22, 2010: plaintiff's motion in limine to prohibit the defendant from relying upon the defense of advice of counsel; plaintiff's motion in limine

to prohibit undisclosed witness statements; defendant's motion in limine regarding intangible damages; defendant's motion in limine regarding golden rule type arguments; defendant's motion in limine regarding scope of rebuttal argument; defendant's motion in limine to prohibit reference to defendant's wealth; defendant's motion in limine requesting the court to proffer a special interrogatory to the jury regarding prejudgment interest; defendant's motion in limine to preclude reference to documents and records not previously produced; defendant's motion in limine to preclude reference to evidence of the out-of-state conduct of defendant; defendant's motion in limine to preclude reference to evidence or argument related to the injuries sustained or fault relative to the underlying motor vehicle accident; defendant's motion in limine to bifurcate claims at trial; defendant's motion in limine to preclude certain expert testimony of plaintiff's expert Jack A. Lane pertaining to the preparation, filing and interpretation of legal documents; defendant's motion in limine to preclude testimony from Trooper J.L. Shelton; defendant's motion in limine to preclude reference to the post-litigation conduct of counsel for defendant; defendant's motion in limine to preclude plaintiff's expert Jack A. Lane from offering the opinion that Erie violated the Unfair Claims Settlement Practices Act, engaged in activities constituting a general business practice or acted with malice; defendant's motion in limine to preclude reference to opinions or other attempts to classify Erie or the insurance industry as unsavory; defendant's

motion in limine to preclude admission of plaintiff's alleged attorneys' fees, costs and expenses relative to the underlying litigation; and defendant's motion in limine to preclude admission of documents from claims files and court files from the matter of <u>Walker v. Erie</u>.

II. <u>Discussion and Rulings</u>

This Court grants in part and denies in part the plaintiff's motion in limine to prohibit undisclosed witness statements. If there are written statements not in the claims diary, they should not be admitted at trial, but the statements by the witnesses testifying at trial or statements by others that are not hearsay should not be excluded.

This Court grants as framed the defendant's motion in limine regarding intangible damages. This Court will allow the plaintiff in the opening part of his closing statement to indicate what he believes the amount of the verdict should be. That gives the defendant the opportunity to rebut that statement during its closing argument. The plaintiff's counsel shall advise the Court at the charge conference of their intention so that this Court can give an appropriate instruction to the jury.

This Court grants as unopposed the defendant's motion in limine regarding "Golden Rule" type arguments.

This Court grants as framed the defendant's motion in limine regarding scope of rebuttal argument. As mentioned above, this Court will allow the plaintiff in the opening part of his closing

argument to suggest a figure to the jury, subject to the condition set forth above.

This Court grants as framed the defendant's motion in limine to prohibit reference to the defendant's wealth as to the main case of liability. The defendant's wealth may only become an issue if this Court allows punitive damages to go forward.

This Court grants as framed the defendant's motion in limine to preclude reference to documents and records not previously produced. The motion in limine is granted, except this Court will defer ruling on any documents which arise at trial and that should have been produced pursuant to interrogatories and requests for documents.

This Court grants as unopposed the defendant's motion in limine to preclude reference to evidence of the out-of-state conduct of defendant.

This Court denies defendant's motion in limine to preclude reference to evidence or argument related to the injuries sustained or fault relative to the underlying motor vehicle accident. This Court believes that there may be a need for the plaintiff to tell the "whole story," subject to consideration under Federal Rules of Evidence 401 and 403.

This Court grants as framed the defendant's motion in limine to bifurcate claims at trial. The punitive damages claim will be bifurcated. This Court will allow the plaintiff to talk about the fact that they are going to ask for punitive damages in his opening

4

statement without deeply delving into such argument. Then, at the end of the plaintiff's case, this Court will decide whether there is sufficient evidence for the plaintiff to go forward as a punitive damages case, if there is a motion under Federal Rule of Civil Procedure 50 pr otherwise. If there is sufficient evidence to go forward, then this Court will, at the close of the case, instruct the members of the jury that they may consider this subject and an appropriate verdict form will be provided.

The defendant's motion in limine to preclude certain expert testimony of plaintiff's expert, Jack A. Lane, pertaining to the preparation, filling, and interpretation of legal documents is denied. As mentioned at the supplemental pretrial conference, this issue is controlled by the law specifically set forth in Jackson v. State Farm Mut. Auto. Ins. Co., 600 S.E.2d 346 (W. Va. 2004).

This Court grants in part and denies in part the defendant's motion in limine to preclude testimony from Trooper J.L. Shelton. The motion in limine is granted to the extent that Trooper Shelton is not going to be qualified as an expert witness, but denied to the extent that Trooper Shelton can testify if appropriate about the accident and his report.

This Court grants in part and denies in part the defendant's motion in limine to preclude reference to opinions or other attempts to classify Erie or the insurance industry as unsavory. This Court believes that if the plaintiff chooses to argue that Erie's conduct was in violation of the law, that is proper.

However, this Court does not believe that it is relevant for the plaintiff to express his opinions about the insurance industry as a whole or even Erie as a particular insurance company, except that there would be evidence as to its general business practice as a violation of the Unfair Trade Practices Act.

This Court defers ruling on the plaintiff's motion in limine to prohibit the defendant from relying upon the defense of advice of counsel; defendant's motion in limine requesting the court to proffer a special interrogatory to the jury regarding prejudgment interest; defendant's motion in limine to preclude reference to the post-litigation conduct of counsel for defendant; defendant's motion in limine to preclude plaintiff's expert, Jack A. Lane, from offering the opinion that Erie Violated the Unfair Claim Settlement Practices Act, engaged in activities constituting a general business practice, or acted with malice; defendant's motion in limine to preclude admission of plaintiff's alleged attorneys' fees, costs and expenses relative to the underlying litigation; and defendant's motion in limine to preclude admission of documents from claims files and court files from the matter of <u>Walker v. Erie</u>.

### III. Conclusion

For the above-stated reasons, this Court GRANTS IN PART AND DENIES IN PART plaintiff's motion in limine to prohibit undisclosed witness statements; GRANTS AS FRAMED defendant's motion in limine regarding intangible damages; GRANTS AS UNOPPOSED defendant's

6

motion in limine regarding golden rule type arguments; GRANTS AS FRAMED defendant's motion in limine regarding scope of rebuttal argument; GRANTS AS FRAMED defendant's motion in limine to prohibit reference to defendant's wealth; GRANTS AS FRAMED defendant's motion in limine to preclude reference to documents and records not previously produced; GRANTS AS UNOPPOSED defendant's motion in limine to preclude reference to evidence of the out-of-state conduct of defendant; DENIES defendant's motion in limine to preclude reference to evidence or argument related to the injuries sustained or fault relative to the underlying motor vehicle accident; GRANTS AS FRAMED defendant's motion in limine to bifurcate claims at trial; DENIES defendant's motion in limine to preclude certain expert testimony of plaintiff's expert Jack A. Lane pertaining to the preparation, filing and interpretation of legal documents; GRANTS IN PART AND DENIES IN PART defendant's motion in limine to preclude testimony from Trooper J.L. Shelton; and GRANTS IN PART AND DENIES IN PART defendant's motion in limine to preclude reference to opinions or other attempts to classify Erie or the insurance industry as unsavory. A ruling on the other motions in limine is DEFERRED pending receipt of further information or testimony at trial.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:      June 28, 2010

                                   /s/ Frederick P. Stamp, Jr.
                                   FREDERICK P. STAMP, JR.
                                   UNITED STATES DISTRICT JUDGE